UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| M.A.C.C., | Case No. 2:26-cv-00958-TMC |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioner M.A.C.C.[1] entered the United States without inspection in March 2022 and was apprehended by Department of Homeland Security officials in November 2025 in the state of Oregon, where he was living with his partner and two children. Dkt. 1 ¶¶ 7, 39-40, 43. Petitioner is detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. *Id.* ¶ 46. Petitioner has not received a bond ruling from an Immigration Judge ("IJ"). *See id.* ¶ 12; Dkt. 10 at 4. On April 2, 2026, an IJ issued an order of removal, which is not yet administratively final. *Id.*

---

[1] Petitioner has proceeded using only his initials, and Respondents have not objected. In future cases, counsel should file a request to proceed anonymously, accompanied by detailed supporting facts. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000).

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On March 20, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his mandatory detention violates the Immigration and Nationality Act ("INA") because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 49–51. On April 6, Federal Respondents filed a return to the habeas petition. Dkt. 10. Petitioner filed a traverse on April 11. Dkt. 11. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

Petitioner argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. Dkt. 1 ¶¶ 7, 49–51. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioner is a member of the Bond Denial Class for purposes of this matter. Dkt. 10 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioner is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioner has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

Petitioner raises two other arguments: (1) that his detention without an opportunity for bond violates the Due Process Clause of the U.S. Constitution, Dkt. 1 ¶¶ 52–55; and (2) that this Court should order his release because the "Tacoma Immigration Court is unlikely to provide a constitutionally adequate bond hearing for [him]." Dkt. 11 at 2. It is not necessary for the Court to reach the first argument as relief is granted under the alternative ground set forth in *Rodriguez Vazquez*.

Petitioner's second argument was raised for the first time on reply, which deprives Federal Respondents of an opportunity to respond. It is essentially a new claim that the procedures of 8 U.S.C. § 1226(a) violate due process as applied to Petitioner because the Tacoma IJs are no longer functioning as neutral decision makers. *See* Dkt. 11 at 2–3. The Court cannot reach such a sweeping conclusion based on claims that were not advanced in the original petition and have not been developed in the evidentiary record of this case. While Petitioner cites other cases from this district in which IJs were found to have abused their discretion by denying bond in individual cases, those orders were based on the evidentiary record developed in each case, and do not support the prospective relief Petitioner seeks here. Similarly, Petitioner's request— also raised for the first time in reply—that the Court dictate an additional set of procedures for

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

his bond hearing beyond what is required by the statute to ensure it complies with due process has not been sufficiently briefed, and in at least some respects is inconsistent with the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022).

As Petitioner recognizes in his briefing, a federal court may review an IJ's determination of risk of flight or dangerousness for abuse of discretion as a mixed question of fact and law. *See Martinez v. Clark*, 124 F.4th 775, 779 (9th Cir. 2024) (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)). This allows Petitioner to file a subsequent habeas petition if the IJ abuses their discretion when reviewing his bond request or otherwise commits legal or constitutional error. While the Court understands the real-world consequences for Petitioner of this piecemeal remedy, the current record simply does not allow the Court to grant the extraordinary prospective relief he requests.

### IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within fourteen days of receiving Petitioner M.A.C.C.'s request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3.    Nothing in this order prevents an Immigration Judge from granting any request by Petitioner for a continuance in his bond proceedings.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 20th day of April, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4